**KAZEROUNI LAW GROUP, APC**
1 | Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
2 | Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
3 | 2700 N. Main Street, Ste. 1000
4 | Santa Ana, California 92705
Telephone: (800) 400-6808
5 | Facsimile: (800) 520-5523

6 | *Attorneys for Plaintiff,*
7 | James A. Akeo

FILED
CLERK, U.S. DISTRICT COURT

NOV 20 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
9

10 | **JAMES A. AKEO,**

Case No. EDCV 12-2034 TJH (OPx)

Plaintiff,

**COMPLAINT FOR DAMAGES FOR**
11 | **VIOLATIONS OF THE FAIR DEBT**
v. | **COLLECTION PRACTICES ACT 15**
12 | **U.S.C. §§ 1692-1692(P)**

**BH FINANCIAL SERVICES,**
13 | **INC.; AND, KENOSIAN &** | **JURY TRIAL DEMANDED**
**MIELE, LLP,**
14

15 | Defendants.

16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**COMPLAINT FOR DAMAGES**    PAGE 1 OF 6

**INTRODUCTION**

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.    The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.    JAMES A. AKEO ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BH FINANCIAL SERVICES, INC. (individually as "BH Financial" or collectively as "Defendants"); and, KENOSIAN & MIELE, LLP (individually as "Kenosian" or collectively as "Defendants") with regard to attempts by Defendants, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

4   and intentional, and that Defendants did not maintain procedures reasonably adapted to

5   avoid any such violation.

6   7.   Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all

7   agents, employees, officers, members, directors, heirs, successors, assigns, principals,

8   trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

9   **JURISDICTION AND VENUE**

10   8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1692k.

11   9.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act,

12   15 U.S.C. §§ 1692-1692(p) ("FDCPA").

13   10.   Because Defendants does business within the State of California, personal jurisdiction is

14   established.

15   11.   Venue is proper pursuant to 28 U.S.C. § 1391.

16   12.   At all times relevant, Defendants conducted business within the State of California.

17   **PARTIES**

18   13.   Plaintiff is a natural person who resides in the City of Ontario, County of San Bernardino,

19   State of California.

20   14.   Defendant BH Financial is located in the County of Los Angeles, State of California.

21   15.   Defendant Kenosian is located in the County of Los Angeles, State of California

22   16.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term

23   is defined by 15 U.S.C. §1692a(3).

24   17.   Defendants are a people who use an instrumentality of interstate commerce or the mails in

25   a business the principal purpose of which is the collection of debts, or who regularly

26   collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

27   owed or due another and is therefore a "debt collector" as that phrase is defined by 15

28   U.S.C. § 1692a(6).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

### FACTUAL ALLEGATIONS

19. Sometime before May 24, 2012, Plaintiff is alleged to have incurred certain financial obligations to the original creditor CashCall, Inc.

20. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

22. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendants for collection.

23. On or about May 24, 2012, Kenosian, B&H Financial's agent, sent a letter via U.S. Mail to Plaintiff informing Plaintiff that BH Financial allegedly assigned Plaintiff's alleged debt, and that Defendants are debt collectors and Defendants will be attempting to collect Plaintiff's alleged debt.

24. In the letter dated May, 24, 2012, Kenosian stated the alleged amount due to be $5,841.67.

25. Subsequently, Defendants sent Plaintiff another letter, dated August 8, 2012, in which Defendants stated the alleged amount due to be $5,940.46.

26. Thereafter, Defendants sent Plaintiff another letter, dated October 3, 2012, in which Defendants stated the alleged amount due to be $6,942.25.

27. On September 4, 2012, Defendants proceeded with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations by filing *BH Financial Services, Inc. v. James A. Akeo, et al.*, case no. CIVRS1206832 in the Rancho Cucamonga Superior Court.

28. In Defendants' Complaint, Defendants stated that Plaintiff owed BH Financial $4,744.57.

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**COMPLAINT FOR DAMAGES**                                          PAGE 4 OF 6

29. Said amount requested in Defendants' prayer for relief is substantially less than the amounts sought by Defendants' agent in various written communications attempting to collect the alleged debt from Plaintiff.

30. Through this conduct, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount alleged to be owed by Plaintiff on May 24, 2012; August 8, 2012; and, October 3, 2012.

31. Through this conduct, Defendants also violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect or attempt to collect an invalid debt from Plaintiff on May 24, 2012; August 8, 2012; and, October 3, 2012.

32. Through this conduct, Defendants also violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff that was neither expressly authorized by the agreement creating the alleged debt nor permitted by law.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1

### PRAYER FOR RELIEF

2   **WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

3       •  an award of actual damages, in an amount to be determined at trial, pursuant to 15

4       U.S.C. § 1692k(a)(1), against each named Defendants individually;

5       •  an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §

6       1692k(a)(2)(A), against each named Defendants individually;

7       •  an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C.

8       § 1692k(a)(3), against each named Defendants individually; and,

9       •  any and all other relief that this Court deems just and proper.

10

11 Dated: November 14, 2012           Respectfully submitted,

12                   **KAZEROUNI LAW GROUP, APC**

13

14                   By:    /s/Abbas Kazerounian

15                     ABBAS KAZEROUNIAN, ESQ.
                        ATTORNEY FOR PLAINTIFF

16

### TRIAL BY JURY

17  36.  Pursuant to the seventh amendment to the Constitution of the United States of America,

18      Plaintiff is entitled to, and demands, a trial by jury.

19

20 Dated: November 14, 2012           Respectfully submitted,

21                   **KAZEROUNI LAW GROUP, APC**

22

23                   By:    /s/Abbas Kazerounian

24                     ABBAS KAZEROUNIAN, ESQ.
                        ATTORNEY FOR PLAINTIFF

25

26

27

28